### 42748. LIBERTY LOAN & THRIFT CORPORATION v. COCHRAN et al.

JOSLIN, Judge. This is an appeal from an order of the court below sustaining the general and special demurrers to the plaintiff's amended petition, and dismissing the petition.

The petition, as amended, alleges that the co-defendants, jointly and severally, are indebted to the petitioner on a note which they had made payable to one Glenn H. Copeland, and that the said Glenn H. Copeland had transferred the note to the Liberty Loan & Thrift Corporation, petitioner. The amended petition further alleges that a note was made by the co-defendants, James M. Cochran and William J. Collins, payable to the said Glenn H. Copeland, and that the said Glenn

H. Copeland had business with the Liberty Loan & Thrift Corporation, petitioner, which may have resulted in the transfer of the note to the Liberty Loan & Thrift Corporation.

It is clear then that a cause of action has been stated and that the order sustaining the general demurrers should be reversed.

As to the three special demurrers, the following decisions are rendered. The special demurrer on the grounds that Paragraph I of the plaintiff's petition, as amended, is unintelligible and the defendants are unable to properly prepare their defense is clearly not sustainable. As a cause of action is therein alleged with sufficient clarity, the order sustaining this special demurrer was error.

The special demurrer to Exhibit B on the grounds that the same is illegible and cannot be read by the defendants or their counsel, and defendants are unable to properly prepare their defense to the plaintiff's claim, is not supportable. Exhibit B is entitled a note—loan statement—bill of sale, and although it has the usual myriad provisions, it clearly states the allegations intended. The order sustaining this special demurrer, then, was error.

The special demurrer to Paragraph I of the amended petition alleging that nowhere in said paragraph or elsewhere in the petition does plaintiff set forth in what manner the figures set forth in said paragraph are arrived at, and the defendants are unable to properly prepare their defense to the plaintiff's claim, is not sustainable in that the petition does allege the making of the note and the original amount due thereunder, and that there was an assignment transaction. The fact of the exact amount left to be paid on said note should be left to be developed in the trial. The order sustaining this special demurrer, therefore, was error. The order of the lower court in this case sustaining each and every demurrer interposed in the above case and dismissing the petition must be reversed.

*Judgment reversed. Bell, P. J., concurs. Pannell, J., concurs in the judgment.*

SUBMITTED MAY 1, 1967—DECIDED MAY 10, 1967.

Action on note. Fulton Civil Court. Before Judge Langford. *Olon E. Scott,* for appellant.

*Wall, Armstrong & Fuller, Hilton M. Fuller,* for appellees.